## VAIL v. NEWTON.

(Supreme Court, Appellate Division, Third Department.   June 18, 1908.)

Appeal from Cortland County Court.

Action by Harrison A. Vail against Sarah J. Newton.   From a County Court judgment for plaintiff, defendant appeals.   Affirmed.

PER CURIAM.   Judgment of the County Court affirmed, with costs.

SMITH, P. J. (dissenting).   Section 1294, Code Civ. Proc., does not refer to appeals from Justice's Courts nor from the City Courts. It refers to appeals from courts of record.   Section 214 of the charter (chapter 160, p. 352, of Laws of 1900) makes applicable to appeals from the City Court the Code provisions regulating appeals from Justice's Courts.   Those provisions authorize an appeal from a judgment by default.   See section 3044 et seq.

Probably no evidence was necessary in this case.   While the complaint states a cause of action for the foreclosure of a mechanic's lien, it demands a money judgment only, and the money judgment has been obtained and affirmed.   That judgment cannot stand, unless the allegations of the complaint deemed to be admitted are sufficient to authorize a money judgment.   The complaint does not allege any promise on the part of the defendant to pay, nor any allegation assumed by the tenant to pay for her.   It simply alleges her consent and authority to the tenant to make these repairs, for which a lien was demanded.   Now that is sufficient to authorize the lien.   It does not, however, create any personal liability against the owner. This complaint, probably, would have been sufficient to have authorized the foreclosure of the lien; but a personal judgment against the owner of property, who has not contracted the debt or authorized it to be contracted in her behalf, is nowhere sustained by the allegations of the complaint.

I think the judgment of the Justice's Court and of the County Court should be reversed.

KELLOGG, J., concurs.